IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20231
Summary Calendar
_____

ROGER LEE DICKERSON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
FRED FIGUEROA; OFFICER CHAMBERS; OFFICER
THOMPSON; OFFICER DAVIS; KENT RAMSEY; M. BROCK,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-2625
---------------------
September 14, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Roger Lee Dickerson, Texas prisoner # 371312. challenges the
district court's *sua sponte* dismissal of his civil rights
complaint as frivolous and for failure to state a claim.  Review
of a dismissal as frivolous is for abuse of discretion.  Siglar
v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  Review of a
dismissal for failure to state a claim is *de novo*.  Black v.
Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dickerson asserts that the district court erred in dismissing his Eighth Amendment and due process claims arising from three occasions during which he was removed from the prison dining hall without being allowed to eat a meal. He has failed to show that the district court abused its discretion in dismissing his claims on this ground. See Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999). Dickerson also contends that the district court improperly failed to review his claims of retaliation and harassment. Only one of his food deprivations, on July 5, 1997, arguably raises an assertion of retaliation. See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). Dickerson has failed to show, however, that this single incident, resulting in *de minimis* consequences, set forth a constitutional violation. Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986); Ordaz v. Lynaugh, No. 93-4290 (5th Cir. April 15, 1994)[**].

Dickerson maintains that the district court also erred in dismissing his claims against supervisors brought under a theory of respondeat superior for failure to state a claim. Recovery is unavailable under 42 U.S.C. § 1983 on a theory of vicarious liability. See Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th Cir. 1979). Dickerson has not shown that the supervisory defendants actively participated in the deprivation of food or that they instituted a policy of food deprivation that resulted in an injury. Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996).

---

[**] Unpublished opinions issued before January 1, 1996, have precedential value. 5TH CIR. R. 47.5.3.

Dickerson contends that the district court erred in dismissing his complaint without holding a hearing pursuant to Spears v. McCotter, 766 F.2d 179, 181-82 (5th Cir. 1985), and without permitting him to amend his complaint. This court cannot say that Dickerson's allegations, if developed further, "might have presented a nonfrivolous section 1983 claim." Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Further development is therefore unnecessary. Id. The district court's dismissal of Dickerson's complaint is AFFIRMED.

Dickerson has also requested appointment of counsel. He has failed to show that exceptional circumstances warranting such an appointment exist. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The motion is DENIED.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.