IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21095
Summary Calendar
_____

BILLY D. JACOBS,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department
of Criminal Justice; GARY JOHNSON, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2720
--------------------
May 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Billy D. Jacobs, Texas prisoner #631401, appeals the

dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii).  Jacobs argues that the district

court dismissed his claims without considering his *pro se* status

and that the district court erred in dismissing his claims as

frivolous and for failure to state a claim.

Jacobs also argues that the district court's dismissal

applied erroneous legal conclusions; that the district court's

reasons for dismissal failed to provide this Court with an

adequate basis for "intelligent appellate review"; that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court erred in failing to indicate whether the dismissal was with or without prejudice; and that the district court erred in denying his request for a transcript at Government expense. Because these issues are not adequately argued, they are deemed abandoned. See Fed. R. App. P. 28(a)(9) (2001); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). Jacobs further argued before the district court that prison officials had improperly removed property from his cell. As he fails to brief this issue on appeal, it is also deemed waived. See Yohey, 985 F.2d at 224-25.

This Court will not address Jacobs's argument that the defendants are retaliating against him for filing prison grievances and for previous litigation filed against them. This claim is raised for the first time on appeal and was not factually developed before the district court. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

The district court did not fail to consider Jacobs's *pro se* status. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

The record shows that Jacobs's hypertension medication was discontinued because it caused Jacobs to have an allergic reaction, and Jacobs has failed to show deliberate indifference to his other medical ailments. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, there is no evidence that defendants were personally involved in these alleged constitutional violations or that there was a causal connection

between their conduct and the alleged denial of medical treatment. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

There was no evidence that defendants knew Jacobs was being exposed to chemicals used on other prisoners in administrative segregation. See id. at 304. As Jacobs does not contend that the defendants are responsible for the allegedly unconstitutional policy allowing the use of these chemicals, this argument has been abandoned on appeal. See Yohey, 985 F.2d at 224-25. With respect to Jacobs's claim that he was not medically treated for his exposure to these chemicals, he failed to show that any prison official knew that he faced a substantial risk of harm from this exposure and then disregarded that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Jacobs's appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. The district court's dismissal of this case and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). In Jacobs v. Scott, No. 00-20589 (5th Cir. Feb. 13, 2001) (unpublished), issued after Jacobs's notice of appeal in this case, this Court informed Jacobs that he had three strikes for purposes of 28 U.S.C. § 1915(g) and that he was barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent

danger of serious physical injury.  This bar is still in effect.

APPEAL DISMISSED AS FRIVOLOUS.