IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10702
Summary Calendar
_____

ANDRE LEROY GARRETT,

                                        Plaintiff-Appellant,

versus

C. A. RAINES, Assistant Warden, Middleton Unit; JERRY BETCHER,
Captain, Middleton Unit; J. MOORE, Counsel Substitute, Middleton
Unit; NO FIRST NAME PERSONS, Sergeant, Middleton Unit; STATE OF
TEXAS, Chaplain Department of Texas Department of Criminal
Justice,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-195
--------------------
April 18, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Andre Leroy Garrett, Texas prisoner # 829874, appeals from
the dismissal as frivolous of his civil-rights complaint under 42
U.S.C. § 1983.  Garrett argues that the magistrate judge erred in
the following respects: (1) not providing a questionnaire prior
to his Spears[1] hearing, (2) overlooking his constitutional
rights, (3) not conducting a de novo review of the record once an

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

objection was presented due to disputes about the record; (4) not providing a tape of the Spears hearing or a transcript thereof, (5) failing to give notice that Garrett's complaint would be dismissed as frivolous, (6) not allowing Garrett to amend his complaint to state a claim under the Religious Freedom Restoration Act (RFRA), (7) failing to authenticate the record, and (8) ruling that his claims were frivolous without full review of all essential facts.

After a thorough review of the record, including the transcript of Garrett's Spears hearing, we have determined that the magistrate judge did not abuse her discretion in dismissing as frivolous Garrett's claim that he was the victim of a conspiracy to obstruct the appeal of his disciplinary conviction. See Giovanni v. Lynn, 48 F.3d 908, 911, 913 and n.7 (5th Cir. 1995). Moreover, Garrett's allegations of a conspiracy are merely conclusional and hence insufficient to support his action under 42 U.S.C. § 1983. See Wilson v. Budney, 876 F.2d 957, 958 (5th Cir. 1992). As to Garrett's claims concerning alleged violations of his religious freedoms, we are unable to discern an argument that the magistrate judge's dismissal of the claims was an abuse of discretion. If an appellant fails to make arguments in his brief, they are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Although pro se briefs are afforded a liberal construction, even pro se litigants must brief arguments in order to preserve them. See id. at 225.

It was not error for the magistrate judge court to rely solely on a Spears hearing, see Berry v. Brady, 192 F.3d 504, 507

(5th Cir. 1992), and Garrett has not shown that the magistrate judge failed to provide a sufficient opportunity for Garrett to develop his claims adequately. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Nor was there any requirement that the district court conduct a de novo review, or indeed any review whatsoever, as Garrett consented to adjudication of his action by the magistrate judge pursuant to 28 U.S.C. § 636(c). Garrett has failed to show prejudice as a result of the lack of notice that his complaint would be dismissed, as his anticipated RFRA claim would have been frivolous. See City of Boerne v. Flores, 521 U.S. 507, 533-36 (1997)(holding that RFRA is unconstitutional as applied to the states). Garrett does not argue that the magistrate judge's denial of his motion for a tape or transcript of the Spears hearing affected his ability to prosecute his action, and given the frivolous nature of his claims, we are convinced that Garrett has not been prejudiced on appeal.

Garrett's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the magistrate judge's dismissal of Garrett's complaint as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Garrett therefore has two "strikes" under 28 U.S.C. § 1915(g). Garrett is warned that if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED; SANCTIONS WARNING ISSUED.