United States Court of Appeals,

Fifth Circuit.

No. 93-1765

Summary Calendar.

Danny Ray EASON, Plaintiff-Appellant,

v.

Warden THALER, et al., Defendants-Appellees.

Feb. 10, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, DAVIS and SMITH, Circuit Judges.

POLITZ, Chief Judge:

Danny Ray Eason, *pro se* and *in forma pauperis,* appeals the dismissal of his 42 U.S.C. §

1983 prisoner civil rights complaint as frivolous under 28 U.S.C. § 1915(d).  We vacate and remand.

Background

Eason, a prisoner of the Texas Department of Criminal Justice, alleges that following a

November 1992 riot he was subjected to "lockdown" without receiving due process, denied access

to a law library and, in light of his religious dietary restrictions, deprived of adequate food for 25

days.[1]  In dismissing the complaint as frivolous the district court concluded that security interests

require deference to prison officials and that their actions in response to a disturbance rarely violate

the Constitution.[2]  Eason timely appealed.

Analysis

An *in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis

---

[1]Eason presented other issues in his complaint which are not raised in his brief and are consequently deemed abandoned.  *Beasley v. McCotter,* 798 F.2d 116 (5th Cir.1986), *cert. denied,* 479 U.S. 1039, 107 S.Ct. 897, 93 L.Ed.2d 848 (1987).

[2]The court did not specify whether the dismissal was with or without prejudice;  we therefore presume that the instant action was dismissed under section 1915(d) without prejudice.  *Graves v. Hampton,* 1 F.3d 315 (5th Cir.1993).

in law or fact.[3]  Should it appear that insufficient factual allegations might be remedies by more specific pleading, we must consider whether the district court abused its discretion by dismissing the complaint either with prejudice or without any effort to amend.[4]  The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to "bring into focus the factual and legal bases of prisoners' claims."[5]  The court *à quo* used neither.

We must determine whether Eason's allegations, if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim.  We conclude that further development of Eason's allegations is required before a proper section 1915(d) dismissal may be imposed.

Eason first alleges a violation of due process, claiming that after two inmate disturbances the entire prison was placed on lockdown.  His building continued on lockdown for 12 days after the restriction was lifted for the rest of the prison.  Eason claims that although he was not party to the disturbances he was placed in lockdown for 25 days without notice or an opportunity to be heard.  Even though a lockdown rarely will require more than informal review, some process arguably was due Eason[6] and, given the limited information before us, we cannot determine whether it was provided.

Eason argues next that he was denied access to the prison law library during the lockdown.  Though such right s may be narrowed without constitutional difficulty, especially in the wake of a riot,[7] if Eason was pursuing a legal action which made the use of a law library necessary and all access

---

[3] *Denton v. Hernandez,* --- U.S. ----, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

[4] *Id.* at ----, 112 S.Ct. at 1734.

[5] *Spears v. McCotter,* 766 F.2d 179, 181 (5th Cir.1985).  These options are, of course, unnecessary in cases where the facts alleged are "fantastic or delusional scenarios" or the legal theory upon which a complaint relies is "indisputably meritless."  *Neitzke v. Williams,* 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

[6] *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 460 (1983);  *McCrae v. Hankins,* 720 F.2d 863 (5th Cir.1983);  *Mitchell v. Sheriff Dept., Lubbock County, Tex.,* 995 F.2d 60 (5th Cir.1993).

[7] *See, e.g., Caldwell v. Miller,* 790 F.2d 589 (7th Cir.1986) (holding that during a post-riot lockdown, refusal of access to main law library is constitutional as long as access to "basic law

was nonetheless denied, this deprivation constitutionally might be cognizable.[8]

Finally, Eason claims prison officials violated his right to the appropriate exercise of his Muslim religion by providing him only pork to eat during the lockdown. Eason alleges that prison officials told him to eat the pork or nothing, that he received only three nonpork hot meals during the 25-day lockdown, and that he subsisted on peanut butter biscuits. Prison officials have a constitutional obligation to provide reasonably adequate food[9] and, absent some legitimate penological interest preventing the accommodation of a prisoner's religious restrictions,[10] food which is anathema to an inmate because of his religion is at least arguably inadequate.

With further factual development and specificity these allegations may pass section 1915(d) muster. None is pure fantasy or based upon a legally inarguable proposition. The district court abused its discretion by dismissing Eason's complaint without providing an opportunity for Eason to offer a more detailed set of factual claims.[11]

VACATED and REMANDED.

---

library" for initial legal research is permitted).

[8]*Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

[9]*George v. King,* 837 F.2d 705 (5th Cir.1988).

[10]*Muhammad v. Lynaugh,* 966 F.2d 901 (5th Cir.1992).

[11]*Cf. Graves.*