Quimby v. DCYS                    CV-93-351-B    08/19/94

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Quimby, Administrator of
the Estate of Christal Quimby

    v.                                    Civil No. 93-351-B

Division of Children
and Youth Services

**O R D E R**

On March 31, 1994, I dismissed plaintiff's Fourteenth Amendment claims and remanded his other claims to state court.  I later allowed plaintiff to file a proposed amended complaint which is now before me for review along with plaintiff's motion to reconsider.  Because I conclude that the proposed amended complaint satisfies the minimum standard necessary to survive a motion to dismiss, I grant Plaintiff's motion to reconsider, allow him to amend his complaint, and deny defendants' motion to dismiss.

**I.  ANALYSIS**

As I described in some detail in the March 31, 1994 order, the First Circuit Court of Appeals has recognized that a plaintiff may recover for injuries caused by a government official who acts or fails to act with "reckless or callous

indifference" to the plaintiff's substantive due process rights. Germany v. Vance, 868 F.2d 9, 18 n.10 (1st Cir. 1989); Febus-Roderiguez v. Betacourt-Lebron, 14 F.3d 87, 91 (1st Cir. 1991). As these decisions acknowledge, a government official will be deemed to have acted with "reckless or callous indifference" only "if the official believes (or reasonably should believe) that his conduct is very likely (but not certain) to result in [a substantive due process] violation." Germany, 868 F.2d at 18 n.10; see also Febus-Roderiguez, 14 F.3d at 91.

Plaintiff defended his original complaint by relying on facts that the defendants allegedly did not know but reasonably should have discovered. He then claimed that defendants were recklessly or callously indifferent because if they had discovered the unknown facts they reasonably would have believed that Christal Quimby was very likely to be harmed if she was left in Christian Telles' custody. I rejected this argument because reckless or callous indifference cannot be established by relying solely on facts that a defendant did not know but reasonably should have discovered.

Plaintiff's amended complaint cures this deficiency by alleging sufficient facts to support his claim that defendants reasonably should have concluded based upon what they knew that

2

Quimby would very likely be assaulted if they placed her with Telles without first investigating his background or otherwise monitoring her placement. Construing these allegations in the light most favorable to the plaintiff, they are minimally sufficient to survive a motion to dismiss. Accordingly, I grant plaintiff's motion to reconsider, allow his amended complaint, and deny defendants' motion to dismiss.

## II. <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's Motion for Reconsideration (document no. 10) is granted. Defendants' motion to dismiss (document no. 4) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 19, 1994

cc: Michael P. Rainboth, Esq.
    Nancy Smith, Esq.
    Charles Douglas, III, Esq.

3