IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-21068
Summary Calendar
_____


JOSÉ LORENZO SPEARMAN,
a/k/a Pablo Carlos Ramirez Camara,

                              Plaintiff-Appellant,

versus

JAMES A. COLLINS, Director,
Texas Department of Criminal Justice,
Institutional Division; CAPT. BRYANT;
STATE CLASSIFICATION COMMITTEE; BOB OWENS,

                              Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-93-3448
- - - - - - - - - -
April 8, 1996
Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Jose Lorenzo Spearman appeals the district court's dismissal
as frivolous of his civil rights complaint under 42 U.S.C.
§ 1983.  A dismissal under 28 U.S.C. § 1915(d) is reviewed for
abuse of discretion.  <u>Eason v. Thaler</u>, 14 F.3d 8, 9 (5th Cir.
1994).  We determine that the district court did not abuse its
discretion.

     Spearman was not denied due process with respect to the
disciplinary charges against him.  See <u>Sandin v. Conner</u>, 115 S.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Ct. 2293, 2295 (1995). Prison officials were not deliberately indifferent to his serious medical needs by not providing him with or allowing him to buy skin lotion for his dry skin condition during the fifteen days he was in solitary confinement. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Spearman's arguments related to good-time credit constitute a challenge to the length of his confinement; the appropriate federal remedy is a writ of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475, 490-93 (1973). His civil rights complaint based on these assertions is not cognizable. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).

Spearman's request that the court decide whether his claims of innocence of the criminal charges should be brought pursuant to 42 U.S.C. § 1983 or again as a habeas petition, his assertion that the district court erred in denying a motion for consolidation, and his request that counsel be appointed to represent him after the appeal is decided have not been adequately briefed, so we not address them. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

This appeal is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

Spearman is cautioned that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Spearman is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING.