IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60714
Summary Calendar
_____


ARVIN DALE ROCHELL,

                                    Plaintiff-Appellant,

versus

EDDIE BARNETT,

                                    Defendant-Appellee.



- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:95-CV-190-B-A
- - - - - - - - - -
April 5, 1996
Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Arvin Dale Rochell, a state prisoner proceeding <u>pro se</u> and
<u>in forma pauperis</u>, appeals from the district court's dismissal of
his 42 U.S.C. § 1983 for failure to state a claim.  Rochell
contends that appellee has violated his due process rights by
scheduling the annual review of Rochell's custody status on June
28, 1995, rather than on February 24, 1995, the one-year
anniversary of his arrival, as required by prison regulations and
Miss. Code Ann. § 47-5-103.  The failure to hold a review of
Rochell's classification is not in the realm of the "atypical and

_____

     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

significant hardship" which would give rise to a protected liberty interest requiring any particular procedures. <u>Sandin v. Conner</u>, 115 S. Ct. 2293, 2301 (1995). Because Rochelle has not alleged a deprivation of a constitutionally cognizable liberty interest, his § 1983 action has no arguable basis in law. Because his complaint is frivolous, the district court did not abuse its discretion in failing to hold an evidentiary hearing. <u>Eason v. Thaler</u>, 14 F.3d 8, 10 (5th Cir. 1994). Accordingly, it is dismissed as frivolous. <u>See</u> 5th Cir. R. 42.2.

We caution Rochell that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Rochell is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED; SANCTION WARNING GIVEN.