IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-31214
Conference Calendar

MICHAEL ROY RICKS,

Plaintiff-Appellant,

versus

MIKE GILLIAM, Warden; FRANCIS
J. EVERHEART, Dr.; BONNIE BOBER;
J. WILKIE; JOHN DOE,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CV-1433-P
- - - - - - - - - - -
April 18, 1996
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). Appellant contends that his allegations state an Eighth Amendment claim for deprivation of medical care because he alleged that the appellees were aware of his serious medical need but deliberately denied him medical treatment and that appellees forced him to perform a work assignment that he was not able to perform.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Appellant also contends that the district court abused its discretion in dismissing his § 1983 action without conducting an evidentiary hearing. We have reviewed the record and the district court's opinion and find that the district court did not abuse its discretion in holding that appellant's allegations indicated that appellees negligently misdiagnosed appellant's condition, not that they were deliberately indifferent to appellant's serious medical needs. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Appellant's allegations do not indicate that appellees were aware that the work assignment would significantly aggravate appellant's serious medical condition. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Because additional factual development would not enable appellant to state a claim that would pass § 1915(d) muster, the district court did not abuse its discretion in dismissing appellant's § 1983 action without conducting an evidentiary hearing. See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

AFFIRMED.