## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 96-40311
## Summary Calendar
_____

**JOE ARAMBULA DURAN,**

                                    **Plaintiff - Appellant,**

**versus**

**J. ZELLER; J. WILSON; E. BOATENG; K. WILLIAMS; G. CAMPUZANO, Lt.;
L. MEDINA; RCEL, Dr.; B. HERRING; R. MOAK; M.K. APUSEN, Dr.; G.
MARTINEZ,**

                                    **Defendants - Appellees.**

_____

## Appeal from the United States District Court
## for the Southern District of Texas
## (C-94-410)
_____

June 20, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joe Arambula Duran, proceeding _pro se_ and _in forma pauperis_,
filed this 42 U.S.C. § 1983 action, in which he alleged numerous
violations of his rights by several officials of the Chase Field
Garza Unit of the Texas Department of Criminal Justice, where Duran
was incarcerated. The District Court dismissed the action pursuant
to 28 U.S.C. § 1915(d). Duran's appeal deals solely with his claim

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

that the defendants violated his rights under the Eighth and Fourteenth Amendments by failing to provide him with a bland diet after the doctor at the Garza Unit placed him on that diet to treat his stomach symptoms.[1]

We review a § 1915(d) dismissal for abuse of discretion. It is inappropriate if, *inter alia*, the plaintiff's allegations may pass § 1915(d) muster with further factual development. *Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir 1994). Although the magistrate judge ordered that Duran file a more definite statement regarding some of his claims, the order did not question Duran about the medical claim at issue here. To prevail on his Eighth Amendment claim, Duran must demonstrate that the defendants were deliberately indifferent to his serious medical needs constituting unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, __ U.S. __, 114 S. Ct. 1970, 1984 (1994).

---

[1] Duran's claim, raised for the first time on appeal, that these actions also violated Equal Protection are reviewed only for plain error. *Highland Insurance Co. v. National Fire Ins. Co.*, 27 F.3d 1027, 1031-32 (5th Cir. 1994) (applying plain error standard of review to assertions of error brought for first time on appeal in civil case), *cert. denied*, __ U.S.__, 115 S. Ct. 903 (1995). Among other things, Duran has not established the type of clear or obvious error necessary under this stringent standard.

The district court did not address Duran's claim regarding his diet.  Accordingly, we **VACATE** the dismissal only as to this claim, and **REMAND** it to the district court for further factual development.[2]

*VACATED IN PART and REMANDED*

---

[2]     Duran's motion seeking to correct the description in his brief of his stomach condition is **DENIED** as unnecessary.