IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10615
Conference Calendar

_____

CECIL RAY PATTERSON,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division;
NANCY JOWERS, Mail Room Supervisor,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC 2:99-CV-125
- - - - - - - - - - -

December 16, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Texas state prisoner Cecil Ray Patterson, #779579, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
with prejudice under 28 U.S.C. § 1915(e) as frivolous and for
failure to state a claim upon which relief may be granted.  He

     [*] Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

contends that his constitutional rights were violated when prison officials refused to permit him to receive certain sexually explicit publications and that the district court erred in not giving him notice of its intention to dismiss his suit or an opportunity to amend his complaint.

We have reviewed the record and Patterson's brief and conclude that the district court properly dismissed Patterson's complaint as frivolous and for failing to state a claim upon which relief may be granted.  Prison officials can prohibit sexually explicit material in furtherance of their legitimate interest in preventing deviate, criminal sexual behavior in the prison population.  Thompson v. Patteson, 985 F.2d 202, 206-07 & n.1 (5th Cir. 1993).  Furthermore, nothing in Patterson's brief indicates that a questionnaire or a hearing would have developed a viable claim.  See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  Patterson's appeal is without merit and therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

The district court's dismissal of the present case and this court's dismissal of Patterson's appeal count as two "strikes" against him for purposes of 28 U.S.C. § 1915(g).  Patterson had already accumulated one strike in Patterson v. Guerrero, No. 2:97-CV-036 (N.D. Tex. Aug. 8, 1997).  Because he now has three strikes under the statute, Patterson may not proceed in forma

<u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).

APPEAL DISMISSED. 5th Cir. 42.2. SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).