IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-30321

Summary Calendar

---

CHARLES EDWARD BOYD,

Plaintiff-Appellant,

versus

RICHARD L. STALDER, et al.

Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Louisiana
(00-CV-367)

---

August 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Boyd, a prisoner, alleges that he was subjected to racially-motivated verbal abuse and intimidation throughout an eighteen-month period. Proceeding *pro se* and *in forma pauperis*, he appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We vacate and remand.

In dismissing Appellant's equal protection claim, a federal magistrate judge concluded that Appellant failed to demonstrate

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his constitutional rights were violated because he did not establish that he was deprived of an established right or that he was purposefully discriminated against. Appellant filed written objections to the magistrate judge's report and recommendation. The district court overruled his objections, and adopted the magistrate judge's findings.

An *in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact.[1] We review the dismissal of an *in forma pauperis* complaint for abuse of discretion.[2] If insufficient factual allegations might be remedied by more specific pleading, we must consider whether the district court abused its discretion by dismissing the complaint with prejudice.[3]

The magistrate judge's report and recommendation, adopted by the district court without comment, relied upon our opinion in *Sir William v. Bramer*[4] for the proposition that "a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation."[5] In that case, we found that the "one, isolated

---

[1] *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

[2] *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

[3] *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

[4] 180 F.3d 699 (5th Cir. 1999).

[5] *Id*. at 706.

comment" alleged did not rise to the level of harassment.[6]

The conduct alleged by Appellant is not an isolated comment, however. Appellant claims that over an eighteen-month period he was continually subjected to harassment, racial epithets, and threats from a group of white officers. In his report and recommendation, the magistrate judge described the alleged activities as "harassment," "verbal abuse," and "threats." These allegations constitute an arguable equal protection claim, and should not have been dismissed as frivolous. Appellant's claims are not "pure fantasy or based upon a legally inarguable proposition."[7]

The district court abused its discretion by dismissing Appellant's equal protection claim without providing him an opportunity to offer more detailed factual claims. Faced with pleadings that it found inadequate, the district court did not conduct a *Spears*[8] hearing or require Appellant to fill out a questionnaire. With further factual development, Appellant's allegations may constitute a colorable equal protection claim. His claim should not be dismissed as frivolous until Appellant has the opportunity to further develop his allegations.

Appellant also raises a number of other claims, and argues that the district court's denial of injunctive relief was an abuse of its discretion. We find that the district court did not abuse

---

[6] *Id.*

[7] *Eason*, 14 F.3d at 10.

[8] *Spears v. McCotter*, 766 F.3d 179, 181 (5th Cir. 1985).

its discretion with regard to Appellant's other claims. Accordingly, we VACATE the district court's dismissal of plaintiff's equal protection claim, AFFIRM its dismissal of Appellant's other claims, and REMAND for further proceedings.