IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21200
Conference Calendar
_____

DAVID W. RILES,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; CAPTAIN LUKER; UNKNOWN WRIGHT; MS. BARKLEY;
JOHN DOE; GARY JOHNSON; LIGGINS, Substitute Counsel;
BRITT, Correctional Officer III; KELLY WARD, Grievance
Investigator; M. LIGHTSEY, Grievance Investigator,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4402
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

     David W. Riles, Texas prisoner #709594, appeals from the

dismissal of his civil rights action as frivolous.  Riles

contends that he was deprived of due process because he was

evicted from two disciplinary hearings.  According to Riles, the

bar of *Heck v. Humphrey*, 512 U.S. 477 (1994), does not apply to

his case because state procedures are constitutionally infirm.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Riles contends that the district court erred by failing to provide him with a statement of deficiencies regarding his claim that Texas's prison grievance procedures are inadequate.  He states that he can show that the grievance procedures are inadequate, but he does not indicate how they are inadequate.  He argues that the district court erred by finding his grievance procedure claim duplicative of claims raised in another lawsuit.  He alleges that he did not recognize when he filed the other lawsuit that the deficiencies in the grievance procedure were actionable under 42 U.S.C. § 1983.  Riles finally contends that the district court erred by dismissing his action without allowing him to develop his claims adequately.

Riles's claim regarding his disciplinary proceedings was barred by *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997).  *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).  Riles's due process claim therefore was properly dismissed.

Riles alleges no facts and makes no arguments to support his contention that the grievance procedures are inadequate.  He has failed to brief the issue for appeal.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Riles has failed to brief the grievance procedure issue for appeal, this court need not reach whether the district court erred by finding the grievance procedure claim duplicative.

Riles does not indicate how he might have developed his claims better had the district court given him opportunities to

do so, and his issues were sufficiently developed for disposition by the district court. The district court need not have held a hearing or used a questionnaire to determine whether the action was frivolous. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Riles's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Riles previously had two civil actions dismissed as frivolous. *Riles v. Gonzalez*, No. 6:01-CV-193 (E.D. Tex. Oct. 9, 2001); *Riles v. Vinh*, No. H-01-CV-1795 (S.D. Tex. Jan. 30, 1992). Riles thus already has two "strikes" for purposes of 28 U.S.C. § 1915(g). The district court's dismissal of the current case and this court's dismissal of the appeal count as two further "strikes." *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Because Riles has more than three "strikes," he may not pursue a civil action or appeal in forma pauperis (IFP) unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. 42 U.S.C. § 1915(g) SANCTION IMPOSED.