United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20302
Summary Calendar
_____

GARLAND MICHAEL GREEN,

Plaintiff-Appellant,

versus

JOHN DOE,

Defendant-Appellee.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2678
---------------------

Before DAVIS, EMILIO M. GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Garland Michael Green, Texas state prisoner # 1037843,
appeals the district court's dismissal as frivolous of his
42 U.S.C. § 1983 complaint.  Green argues that Officer Doe acted
with deliberate indifference to his safety and well being by
ordering him to lift a mattress after Green told him that he
was medically restricted from doing so.  Although the officer's
alleged responses to Green indicate that he did not know whether
there were any medical restrictions precluding Green from raising

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the mattress, the officer's failure to make any effort to check the records despite Green's protest may have amounted to subjective recklessness that exposed Green to a substantial risk of harm. Thus, Green's allegations support an arguable Eighth Amendment claim. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989); Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Green argues that the medical personnel at the Goree Unit acted with deliberate indifference to his serious medical needs by failing to provide him with medical treatment while he was incarcerated at that unit. Green's medical records at the Goree Unit were not part of the record, and his allegations are not sufficient to establish the nature of the medical treatment, if any, that he received at that unit. Because the record was not sufficiently developed for the district court to make a determination whether the defendants acted with deliberate indifference to Green's serious medical needs while he was housed at the Goree Unit, the district court prematurely dismissed this claim as frivolous. Following remand of the case to the district court, the district court should obtain Green's medical records or conduct a Spears[**] hearing to allow Green to develop this claim. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Green also argues that he should not have been transferred to the Price Daniel Unit because prison policy provided him with

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

a protected liberty interest in being transferred to a unit where his injury could be diagnosed and treated. The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Thus, he failed to show that his transfer violated prison policy. The district court did not err in dismissing the transfer claim as frivolous.

Green's motion for an en banc hearing is DENIED. His motion to supplement the record is also DENIED.

The judgment of the district court is AFFIRMED with respect to Green's claim that he was improperly transferred to the Price Daniel Unit. The judgement is VACATED insofar as it dismissed as frivolous Green's claim against Officer Doe based on his ordering Green to perform work beyond his physical capacity without checking his medical record and in dismissing his claim that he was denied medical care while incarcerated at the Goree Unit. The case is REMANDED to the district court for further consideration of the two viable claims.

AFFIRMED IN PART; VACATED IN PART AND REMANDED. MOTIONS DENIED.