United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20083
Summary Calendar

_____

ROYCE EUGENE MITCHELL, JR.; DR. CLIFFORD F. WILLIAM, J.D.,

Plaintiffs-Appellants,

versus

GWYN SHEA, Secretary of State for the State of Texas; THE STATE
BAR OF TEXAS; THOMAS R. PHILLIPS; NATHAN L. HECHT; CRAIG T.
ENOCH; PRISCILLA R. OWEN; JAMES A. BAKER; DEBORAH G. HANKINSON;
HARRIET O'NEILL; WALLACE JEFFERSON; XAVIER RODRIGUEZ; JEFFREY A.
LEHMANN; BROADUS A. SPIVEY; TIMOTHY J. CLYNE; WILLIAM T. HAGAN;
KATHY HOLDER; R. LANCE FLORES; BRENT GAMBLE; DON W. BROWN; JAN
GREENBERG; MARSHALL HILL; DAVID LINKLETTER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2167
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Royce Eugene Mitchell, Jr. and Dr. Clifford F. William, J.D.,
appeal the district court's dismissal of their complaint for
failure to state a claim upon which relief may be granted pursuant
to FED. R. CIV. P. 12(b)(6). They challenge the constitutionality

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of candidacy requirements for election to the Texas Supreme Court and the State Bar Act requiring attorneys to be licensed to practice law in Texas. Because Mitchell and William are not licensed to practice law in the State of Texas, they are not eligible to be candidates for a position on the Texas Supreme Court. See TEX. CONST. art. V, § 2 (West 1993). The plaintiffs have not shown that either the Tex. Const. art. V, § 2 or the State Bar Act is unconstitutional under the United States or Texas Constitutions.

The plaintiffs argue that the Texas State Bar Association and the other defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The plaintiffs have not alleged sufficient facts to state a claim that the defendants engaged in a pattern of racketeering activity connected to the acquisition, establishment, conduct, or control of an enterprise. See 18 U.S.C. § 1962; In re Burzynski, 989 F.2d 733, 741 (5th Cir. 1993).

The plaintiffs alleged that the defendants interfered with the freedom of elections and violated the Voting Rights Act, 42 U.S.C. § 1973. They have not alleged facts indicating that they were removed from the ballot for a position on the Texas Supreme Court due to their membership in a protected class in violation of 42 U.S.C. § 1973. The record shows that they were removed from the ballot because they were not licensed to practice law in the State of Texas and, therefore, were not eligible to be candidates under

2

TEX. CONST. art. V, § 2.

The plaintiffs argue that the district court erred in dismissing their complaint without conducting an evidentiary hearing. Because the plaintiffs have not shown that they could assert any viable claims if given an opportunity for additional factual development, the district court did not err in dismissing the complaint without conducting an evidentiary hearing. See, e.g., Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

The plaintiffs also argue that the district court erred in dismissing their complaint under the Rooker-Feldman[**] doctrine. Because the issues raised in this case are inextricably intertwined with these state court judgments concerning William, the district court's dismissal of William's claims may be affirmed based on applicability of the Rooker-Feldman doctrine. See Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995); see also Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

The plaintiffs also argue that the defendants were not entitled to immunity because they committed criminal actions. Because the district court did not err in dismissing the plaintiffs' complaint for failure to state a claim, the court need not address this alleged error. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

The plaintiffs' appeal is without arguable merit and,

---

[**] Rooker v. Fidelity Trust, 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

therefore, it is DISMISSED as frivolous.  See <u>Howard v. King</u>, 707

F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.