IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50092
Summary Calendar
_____

GLEN C. JAMES,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, Director, ET AL,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CV-1240
- - - - - - - - - -
May 17, 1996

Before HIGGINBOTHAM, DUHE', and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Glen C. James appeals the dismissal, without prejudice, of his civil rights complaint pursuant to 28 U.S.C. § 1915(d). James fails to challenge the dismissal of the claims against the defendants in their official capacities and the dismissal, without prejudice, of his supplemental state-law claims. These issues are deemed abandoned on appeal. See Eason v. Thaler, 14 F.3d 8, 9 n.1 (5th Cir. 1994).

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

James raises the following arguments: 1) his property, consisting of legal and religious materials, was taken for an unreasonable length of time pursuant to a search conducted by prison officials upon James' transfer into administrative segregation (ad seg); 2) some of the returned property was damaged; 3) approximately twelve items consisting of legal materials were confiscated and destroyed pursuant to the prison policy covering nuisances; 4) the destruction of newspaper clippings, which he intended to offer as exhibits at an upcoming trial, amounted to the denial of access to the courts; 5) Administrative Directive 03.50, specifying what all ad seg inmates are permitted to possess as property, is unconstitutional because is impinges on an ad-seg inmate's right to access to the courts; 6) the withholding of his religious materials for fifteen days violated his right to the free exercise of religion under the First Amendment and under 42 U.S.C. §§ 2000bb - 2000bb-4; 7) the prison officials were deliberately indifferent to his serious medical needs by confiscating three prescribed medicines; 8) the property room supervisor retaliated against James; and 9) the officer denying his grievance against the property room supervisor was liable.

We have carefully reviewed the record and the appellate arguments, and we detect no abuse of discretion by the district court in dismissing these claims as frivolous.

AFFIRMED.