IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60096
Summary Calendar
_____

WENDELL DUNCAN,

Plaintiff-Appellant,

versus

STEVE PUCKETT et al.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:95-CV-278-S-B
- - - - - - - - - -
May 27, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Wendell Duncan appeals the dismissal of his civil-rights complaint pursuant to § 1915(d).  Duncan contends that the defendants violated his Eighth Amendment rights by placing him in a single cell with another inmate.  Duncan seeks monetary damages and release from prison.  Duncan abandons on appeal his arguments that the defendants violated his Eighth Amendment rights by creating a health risk as a result of the double-celling and that the defendants violated his constitutional rights by failing to

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

provide him showers and yard time.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Duncan raises on appeal the argument that he was denied due process by his improper placement in administrative segregation. however, Duncan raised this argument in the district court in his Rule 60(b) motion for relief from judgment.  Duncan failed to appeal the denial of his Rule 60(b) motion; therefore, this argument is not properly before this court.

We have reviewed the record and Duncan's brief and AFFIRM the district court's dismissal because Duncan failed to allege a legally arguable constitutional claim.  See Wilson v. Seiter, 501 U.S. 294, 297-98 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Stokes v. Delcambre, 710 F.2d 1120, 1124 (5th Cir. 1983). The district court did not err by failing to hold a Spears hearing because Duncan's claims are not based on a legally arguable position.  Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994).

We caution Duncan that any frivolous appeals filed by him or on his behalf will invite the imposition of sanctions in the future.  To avoid sanctions, Duncan is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

AFFIRMED.  SANCTION WARNING ISSUED.