United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41685
Summary Calendar

DONNIE L SLOAN

                    Plaintiff - Appellant

     v.

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
GEERDES, Captain, JACKSON, Ms, JOHN DOE, Field Force Lieutenant

                    Defendants - Appellees

                --------------------
        Appeal from the United States District Court
            for the Southern District of Texas
                USDC No. G-01-CV-413
                --------------------

Before KING, Chief Judge and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

     Donnie Sloan, Texas prisoner # 495302, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to

28 U.S.C. § 1915A for failure to state a claim upon which relief

can be granted.  He asserts that the district court abused its

discretion in denying him leave to amend his complaint before

dismissing it.  Because the district court propounded

interrogatories to which Sloan responded, the court did not abuse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

its discretion.  See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Sloan contends that the defendants violated his constitutional rights by removing his racial classification restrictions, which would allow him to be placed in a cell with a black inmate.  Racial segregation in prisons is unconstitutional, except to the extent it is necessary for prison security and discipline.  Lee v. Washington, 390 U.S. 333, 333-34 (1968).  Sloan's reliance on Lamar v. Coffield, 951 F. Supp. 629 (S.D. Tex. 1996), and prison regulations is misplaced because violations of either consent decrees or prison regulations alone do not give rise to constitutional violations.  Galloway v. State of Louisiana, 817 F.2d 1154, 1157 (5th Cir. 1987); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).  Sloan has not established that the defendants were deliberately indifferent in removing his racial restrictions.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Although Sloan alleges that the defendants removed his restrictions in retaliation for his writ-writing activities, he has not alleged a chronology of events from which such retaliatory motive may be inferred.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Sloan has not briefed on appeal his assertions that state officials and medical employees tampered with his prison records and that the district court should have recused itself or investigated the merits of his claims.  These claims are

therefore abandoned.  <u>See</u> <u>Brinkmann v. Dallas County Deputy
Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Sloan has not established that the district court erred in dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted.  <u>See</u> <u>Harris v. Hegman</u>, 198 F.3d 153, 156 (5th Cir. 1999).  Consequently, the judgment of the district court is AFFIRMED.