United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-41053
Summary Calendar

ROGER DALE SPENCER,

Plaintiff-Appellant,

versus

ROBERT BRUCE; COURT OF CRIMINAL APPEALS
STATE OF TEXAS; LINDA MIRELES; SHERRI ADELSTEIN,

Defendants-
Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CV-425
-----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Roger Dale Spencer, Texas prisoner # 788154, appeals the dismissal of his 42 U.S.C. § 1983

complaint challenging the actions of the trial court and the Texas Court of Criminal Appeals in

addressing his state postconviction applications. The district court dismissed Spencer's claims

pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim. Spencer's claims are

properly raised under § 1983 because he is challenging the procedures used to consider his state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

application, and the only relief requested is another opportunity to file his claims. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)(parole procedures).

To the extent that Spencer is asserting that he was denied access to the courts, his assertion is unavailing because he was able to prepare and transmit his applications to the state court. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Spencer asserts that he was denied due process because the state court failed to comply with state law and did not hold a hearing on his applications. Spencer has not established that he was denied his right to be heard "in a meaningful manner." *Price v. City of Junction*, 711 F.2d 582, 589 (5th Cir. 1983). Spencer's claim that he was denied equal protection is unavailing, in light of his failure to assert that he was treated in a discriminatory manner as a result of race or another improper motive. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993).

Although the district court did not offer Spencer an opportunity to amend his complaint before dismissing it, Spencer cannot show that amendment would have remedied the errors in his case. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Spencer has not established that the district court abused its discretion by dismissing his civil rights action under § 1915(e). *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). The judgment of the district court is affirmed. *See Bickford v. Int'l Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981).

The district court's dismissal of Spencer's complaint as frivolous counts as one strike under § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Spencer is cautioned that if he accumulates three strikes, he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.