United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10656
Summary Calendar

BRADY HICKS, JR.,

Plaintiff-Appellant,

versus

TARRANT COUNTY TEXAS; TARRANT COUNTY SHERIFF'S DEPARTMENT;
DEPUTY/JAILER LINGLE, Tarrant County Sheriff;
DEPUTY/JAILER J. GARCIA, Tarrant County Sheriff;
DEPUTY/JAILER PARKER, Tarrant County Sheriff,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CV-311
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brady Hicks, Jr., a Texas prisoner, appeals the dismissal of
his 42 U.S.C. § 1983 civil rights complaint against Tarrant County,
the Tarrant County Sheriff's Department ("TCSD"), Tarrant County
Sheriff's Deputy/Jailer Lingle, Tarrant County Sheriff's Deputy/-
Jailer J. Garcia, and Tarrant County Sheriff's Deputy/Jailer Par-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

ker.  Hicks contends that the court erred when it sua sponte dismissed his complaint for failure to state a claim following an order requiring payment of the filing fee, before issuance of summons, without allowing him to amend his complaint to correct the deficiencies and without opportunity to develop his complaint factually through either a Spears[1] hearing or a questionnaire.  This court reviews de novo a dismissal for failure to state a claim on which relief may be granted.  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1998).

Hicks argues that defendants violated his Eighth and Fourteenth Amendment rights by (1) failing to protect him, a pretrial detainee, from being assaulted by a fellow inmate even though he had informed them that the same inmate had previously threatened to kill him; (2) failing to train TCSD deputies on ways to protect pretrial detainees; (3) failing to follow policies on protecting restrained inmates from assaults by fellow inmates and other injuries; (4) failing to provide proper medical treatment; and (5) placing him in a restraining chair.  The allegations in Hicks's complaint, if developed further, might have stated a cognizable § 1983 claim.  Therefore, dismissal without affording him an opportunity to offer a more detailed set of factual claims was premature, and further development of the allegations is required before a proper 28 U.S.C. § 1915(e) dismissal may be imposed.  See Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994).  Accordingly, the

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

judgment is vacated, and the case is remanded for further proceedings.  Hicks's motions for the appointment of counsel and for reconsideration of the clerk's order denying his motion to file a supplemental brief are denied.  We express no view on the ultimate merits of this case.

VACATE AND REMAND; MOTIONS DENIED.