# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10491
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2015

Lyle W. Cayce
Clerk

ANTHONY DESHAWN THOMAS,

Plaintiff-Appellant

v.

JOHN MILLS, MD, Medical Director; D. PEYTON, LVN, John Peter Smith Hospital - Correctional Healthcare,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-9

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Anthony Deshawn Thomas, Texas prisoner # 1864213, proceeding pro se and in forma pauperis, appeals the district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief could be granted.  Thomas also moves for the appointment of counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10491

In his § 1983 complaint, Thomas alleged that the defendants were deliberately indifferent to his serious medical needs during his five-month detention at the Tarrant County Jail by failing to provide him with a replacement mask for his personal Continuous Positive Airway Pressure (CPAP) machine, which he had been using to treat his obstructive sleep apnea. He also asserted that there was "no legitimate penological interest in not providing" him with a CPAP mask, which was necessary for the CPAP machine to function, and that the defendants also violated the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA).

On appeal, Thomas argues, inter alia, that the district court erred in dismissing his complaint without giving him opportunity to amend his complaint to correct any deficiencies and that his complaint stated a plausible claim for deliberate indifference.

A prisoner's civil rights complaint may be dismissed at any time if it fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). We review de novo the district court's dismissal of Thomas's civil rights complaint for failure to state a claim under § 1915A(b)(1), using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies, which is primarily done by conducting a hearing under *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), or requesting a more definite statement through a questionnaire, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Because the district court dismissed Thomas's pro se complaint without doing so, we consider whether Thomas's "allegations, if developed by a questionnaire or in a *Spears* dialog, might have

presented a nonfrivolous section 1983 claim." *Id*. If, "[w]ith further factual development and specificity" his "allegations may pass . . . muster," we will remand to give him "an opportunity . . . to offer a more detailed set of factual claims." *Id*. at 10.

Although it appears that Thomas was a pretrial detainee during his detention at Tarrant County Jail, "there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). "[P]retrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials," *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001), and the deliberate indifference standard articulated by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees and convicted prisoners alike, *see Hare v. City of Corinth, Miss.*, 74 F. 3d 633, 643 (5th Cir. 1996). A detainee may also challenge the denial of medical care under a conditions-of-confinement theory. *Hare*, 74 F.3d at 644-45. A conditions-of-confinement case occurs when a constitutional attack is made on the "general conditions, practices, rules, or restrictions of pretrial confinement." *Id*. at 644.

The record reflects that Thomas supported his complaint with documents evidencing his obstructive sleep apnea and long-term use of a CPAP machine and that Thomas repeatedly requested, but was denied, a replacement mask for his CPAP machine. Those facts, along with Thomas's medical history and complaints of choking and gasping for air throughout the night, were noted in the numerous unsuccessful medical requests and grievances Thomas made to prison officials, including the defendants.

No. 14-10491

Regardless whether Thomas can ultimately prevail on the merits of his deliberate indifference claim, the facts alleged by Thomas in support of his claim are not "fantastic or delusional," nor is his legal theory of liability asserted "indisputably meritless." *Eason*, 14 F.3d at 9 n.5 (internal quotation marks and citation omitted). While we express no view on the ultimate disposition of Thomas's suit, his allegations, viewed in the light most favorable to him, are sufficient to state a claim of deliberate indifference that is at least plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, Thomas should have been permitted to develop his arguments concerning an alleged infringement of his rights under the ADA and RA.

Accordingly, the district court's judgment dismissing Thomas's complaint for failure to state a claim upon which relief could be granted is VACATED, and this case is REMANDED for further proceedings consistent with this opinion. Thomas's motion for the appointment of counsel is DENIED, given that this case is not particularly complex, and Thomas has demonstrated that he is a capable litigant.