# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

ANDRES REYNA MARES, JR.,

Plaintiff-Appellant

v.

RODNEY W. CHANDLER, Warden, FCI Fort Worth; TODD WILLIAMSON, Health Services Administrator, FCI Fort Worth; JULIA WOODARD, Occupational Therapist, FCI Fort Worth; BRIAN WEBB, Doctor; MRS. V. IVORY,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-694

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Andres Reyna Mares, Jr., federal prisoner # 25048-177, appeals from the district court's dismissal of his pro se civil rights complaint against several persons associated with the Federal Correctional Institution, Fort Worth, as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous and for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915A(b)(1).

Reyna Mares's initial claim that the district court erred in dismissing his complaint before affording him the opportunity to amend is without merit. Here, the district court allowed Reyna Mares to file a second amended complaint, and it held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), in which Reyna Mares fully elaborated on his claims. *Cf. Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (vacating and remanding because the district court did not provide plaintiff with opportunity to offer more detailed set of factual claims).

Next, Reyna Mares contends that the district court erred in dismissing his Eighth Amendment claims against the Warden, Todd Williamson, and Julia Woodard. However, he has not addressed any of the district court's findings or conclusions supporting the dismissal of those claims as frivolous and for failure to state a claim. Thus, Reyna Mares has abandoned any challenge to those claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, even if Reyna properly briefed the relevant issues, he has not alleged a claim of deliberate indifference against the Warden, Williamson, or Woodard. Rather, he merely complains of acts of negligence, which do not violate the Eighth Amendment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Further, his arguments regarding the therapy provided by Woodard amount to a disagreement with the treatment provided and are insufficient to show a constitutional violation. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Reyna Mares does not argue on appeal that the district court erred by holding that his Eighth Amendment claims against Dr. Brian Webb and his

retaliation claims against all the defendants were frivolous or failed to state a claim upon which relief may be granted.  He therefore has abandoned those claims.  *See Yohey*, 985 F.2d at 224-25.

Accordingly, the judgment of the district court is AFFIRMED.  Because Reyna Mares has not established "exceptional circumstances," his motion for appointment of counsel is DENIED.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).