# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2018

Lyle W. Cayce
Clerk

FERNANDO BARRAZA,

Plaintiff-Appellant

v.

KING, UNIVERSITY OF TEXAS MEDICAL BRANCH EMPLOYEE;
UNIVERSITY OF TEXAS MEDICAL BRANCH,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2567

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Fernando Barraza, Texas prisoner # 825835, appeals the district court's *sua sponte* dismissal of his pro se 42 U.S.C. § 1983 lawsuit with prejudice and its denial of his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Barraza has failed to raise in his initial appellate brief, thereby abandoning, a challenge to the district court's dismissal on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdictional grounds of his claims against the University of Texas Medical Branch. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

We review *de novo* the district court's dismissal of the claims against Latabita King for failure to state a claim. *Rogers v. Boatright*, 709 F.3d 403, 406–07 (5th Cir. 2013). When, as here, a prisoner proceeds *in forma pauperis* ("IFP"), the district court has the power on its own motion to dismiss the case for failure to state a claim. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing 28 U.S.C. § 1915(e)(2)(b)(ii)). However, if the dismissal is with prejudice, "basic fairness" generally requires that the district court must first "giv[e] the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond." *Id.* Courts typically give such notice through a hearing or a questionnaire. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Here, the district court did not do so.

After his complaint was dismissed for failure to state a claim, Barraza timely filed an unsuccessful Rule 59(e) motion and sought to supplement his original complaint's allegations by filing an amended complaint, the viability of which he has continued to urge in this appeal. Although the district court denied Rule 59(e) relief as futile based on the reported inability of the Texas Attorney General's Office to contact King, we note that King's last known personal address was filed under seal in the district court, which is obligated to direct a United States marshal or deputy marshal or a specially appointed person to effect service in this IFP case. *See* FED. R. CIV. P. 4(c)(3).

In light of the foregoing, we AFFIRM the dismissal of Barraza's claims against the University of Texas Medical Branch; VACATE the district court's dismissal of Barraza's claims against King, without expressing any opinion on their merits; and REMAND for further proceedings.