# United States Court of Appeals for the Fifth Circuit

_____

No. 24-20038
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2024

Lyle W. Cayce
Clerk

William Denon Smith,

*Plaintiff—Appellant*,

*versus*

D. Helms, *Sergeant, Houston Police Department Precinct 4 Badge # 128766*;
D. Callier, *Officer, Houston Police Department Precinct 4 Badge #84C51*;
Deputy Hills, *Harris County Sheriff Office*; Houston Police Department Constable Officer,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4198

_____

Before Elrod, Haynes, and Duncan, *Circuit Judges*.
Per Curiam:[*]

William Denon Smith, Texas prisoner # 2383544, appeals from the district court's 28 U.S.C. § 1915A(b)(1) dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Smith alleges that his property was

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

confiscated in connection with his arrest on various charges, most of which were later dropped. The district court concluded that Smith failed to allege a procedural due process violation because Texas law provides a meaningful post-deprivation remedy for the loss of property. We review dismissals under § 1915A(b)(1) for failure to state a claim de novo using the same de novo standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016).

Affording Smith's pro se brief liberal construction, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), he alleges—and his complaint suggests—that the deprivation resulted from established state procedures rather than random and unauthorized action, meaning that a § 1983 claim could be cognizable. *See Zinermon v. Burch*, 494 U.S. 113, 115, 138 (1990); *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). Smith also correctly argues that the district court erred by sua sponte dismissing his complaint with prejudice for failure to state a claim without putting him on notice of the inadequacy of his complaint, seeking further factual development of his claim, or giving him the opportunity to allege his best case. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).

Accordingly, we VACATE the dismissal of Smith's complaint and REMAND to the district court for further proceedings consistent with this opinion.