United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40029
Conference Calendar

_____

LESLIE R. FOSTER,

                              Plaintiff-Appellant,

versus

WILLIAM DELAROSA; BRIAN K. MARSHALL;
KAREN NORMAN; RANDY MINTER,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-483
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Leslie Foster, Texas prisoner # 554960, filed a 42 U.S.C.
§ 1983 civil rights complaint against several officials at his
prison facility alleging property deprivations arising from
segregation for a disciplinary infraction.  The district court
dismissed Foster's complaint with prejudice as frivolous under
28 U.S.C. § 1915A(b)(1).  Foster argues on appeal that the
district court failed to conduct a Spears v. McCotter, 766 F.2d
179, 181-82 (5th Cir. 1985), hearing prior to its dismissal.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Foster cannot show his complaint to be meritorious, the district court did not err in dismissing the complaint without further factual development. See Denton v. Hernandez, 504 U.S. 25, 31-33 (1992); Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994).

Foster has failed to challenge the propriety of the district court's dismissal. Rather, he argues the merits of his 42 U.S.C. § 1983 complaint, specifically, that the deprivation of his property violated his due process and various First Amendment rights and constituted cruel and unusual punishment and that the disciplinary proceeding was arbitrary. Foster also renews his argument that the prison denied him access to the grievance system by refusing to file two grievance complaints because he had attached inappropriate or excessive attachments. Foster cannot state a cognizable constitutional violation on this ground. See Jackson v. Cain, 864 F.2d 1235, 1248-49 (5th Cir. 1989); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Because Foster has failed to address the basis of the district court's dismissal, he has effectively waived the only appealable issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Foster's appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His appeal is dismissed as frivolous. See 5TH CIR. R. 42.2.

With the dismissal of the instant appeal as frivolous, Foster now has at least three strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Foster is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.