United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40032
Summary Calendar

BONNIE BURNETTE ERWIN,

Plaintiff-Appellant,

versus

J.B. SMITH, Sheriff, Smith County; JOHN
BEDDINGFIELD, Chief Deputy Sheriff, Smith
County, Texas; BOBBY GARMON, Chief Deputy
Sheriff, Smith County, Texas; JACK SKEEN, JR.,
District Attorney, Smith County, Texas; RICHARD
L. MOORE, Chief Prosecuting Attorney, Smith
County, Texas; ET AL.,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-374
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bonnie Burnette Erwin, currently federal prisoner # 14289-
077, appeals the district court's dismissal as frivolous of his
civil rights action brought pursuant to 42 U.S.C. § 1983 and
Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,
403 U.S. 388 (1971).  In his complaint, Erwin asserted that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

various state and federal employees engaged in a racially motivated conspiracy that resulted in his state conviction and death sentence for the kidnaping and murder of Patrick Brooks (which has since been overturned) and federal convictions for various drug, weapon, and criminal enterprise convictions arising from the same activity. The district court concluded that Erwin's challenges to his state conviction were untimely and that his challenges to the federal conviction were barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Erwin asserts that because he is an indigent prisoner, the district court erred in denying him leave to proceed *in forma pauperis* (IFP) in the district court and on appeal. The district court granted Erwin IFP status in both instances. Although the court assessed an initial partial filing fee in both cases, such actions are authorized by statute. See 28 U.S.C. § 1915(b)(1).

Erwin asserts that the district court erred in denying his motion for appointment of counsel. He has not shown extraordinary circumstances warranting such an appointment. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Erwin contends that the district court erred in dismissing his complaint without serving the defendants and without allowing him an opportunity to amend his complaint. The district court was authorized to dismiss the complaint "at any time" if it determined that Erwin had failed to state a claim. 28 U.S.C. § 1915(e)(2). Moreover, Erwin has not established that his

factual allegations could have been remedied through amendment, so the district court did not abuse its discretion in dismissing the case without providing Erwin an opportunity to amend. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Erwin has not established that his federal convictions have been overturned or invalidated or that his challenges to those convictions would necessarily call into question the validity of his federal convictions. See Heck, 512 U.S. at 484-87. Likewise, Erwin has not established that his challenges to his overturned state conviction were not barred by the applicable two-year limitations period. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2004). The district court therefore did not abuse its discretion in dismissing Erwin's complaint as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Erwin's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS Erwin's appeal as frivolous. See 5TH CIR. R. 42.2. This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous constitute two "strikes" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If Erwin obtains three "strikes," he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Erwin has moved for appointment of counsel on appeal. Because he has not shown extraordinary circumstances warranting such an appointment, the motion is DENIED. See Ulmer, 691 F.2d at 212. Erwin's motion for immediate release pending his appeal is likewise DENIED.

APPEAL DISMISSED; MOTIONS DENIED.