United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50885 c/w
No. 04-50526
Summary Calendar

_____

INOCENCIO LARA TRUJILLO,

Plaintiff-Appellant,

versus

FRANCES HOBBS, Detention Center Administrator;
NFN LIPPMAN, Detention Center Administrator; JILBERTO
JACQUEZ, Detention Center Administrator; JOHN DOE,
Administration Remedy Coordinator,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-03-CV-212-DB
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Inocencio Lara Trujillo (TDCJ # 11249-179) appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint
wherein he alleged that the defendants were deliberately
indifferent to his medical needs. The district court dismissed the
complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Trujillo
also appeals the court's denial of his subsequent FED. R. CIV. P.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

60(b) motion wherein he argued that the dismissal of his complaint should have been without prejudice.

Trujillo argues that the district court erred by failing to afford him the opportunity to have his case heard by a magistrate judge as required under Rule 3(b) of the Local Rules for the Western District of Texas. We review Trujillo's challenge to the district court's interpretation of its own procedural rules de novo. See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 827 (5th Cir. 1996). Rule 3(b) of the Local Rules for the Western District of Texas does not guarantee a litigant a right to proceed before a magistrate judge. The district court was thus not required to afford Trujillo the opportunity to have his case heard before a magistrate judge.

Trujillo also argues that the district court erred by dismissing his complaint with prejudice without affording him an opportunity to articulate his claims at a Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985), hearing. He argues that the interrogatories propounded by the district court were insufficient to allow him to develop his claims because they permitted him "no opportunity to frame his allegations in a non-frivolous manner."

A lower court "may abuse its discretion by providing insufficient opportunity for the plaintiff to develop his claims." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). "The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the Spears hearing and a questionnaire to

bring into focus the factual and legal bases of prisoners' claims."
Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Id. (internal quotations and citation omitted). However, "plaintiff's cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold." Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986). The district court did not abuse its discretion by failing to allow Trujillo additional opportunities to develop his claims.

Finally, to the extent that Trujillo challenges the district court's basis for dismissing his complaint, we perceive no error. Title 28 U.S.C. § 1915(e)(2)(B)(i) authorizes the dismissal of an IFP complaint that is frivolous or malicious. A complaint is frivolous "if it lacks an arguable basis in law or fact." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). Dismissals under § 1915(e)(2)(B)(i) are reviewed for an abuse of discretion. Id. at 213. However, because the district court also dismissed the complaint under § 1915(e)(2)(B)(ii) for failure to state a claim, we review the dismissal of the instant complaint de novo. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998); Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

The record supports the district court's determination that Trujillo's condition was treated repeatedly. Although Trujillo couches his argument as the complete denial of medical care based on a policy decision, the essence of Trujillo's claim is that the defendants were negligent for failing to determine that his

condition warranted surgery.  Such is not a basis for a civil rights action under § 1983.  <u>See</u> <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.