United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-11129
Summary Calendar

RAMIRO GUERRA BOCANEGRA, SR.,

Plaintiff-Appellant,

versus

TIM REVELL, DR.; PATRICE MAXEY; DAVID R. BASSE, DR.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(2:04-CV-114)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramiro Guerra Bocanegra, Sr., Texas prisoner #831945, appeals, *pro se*, the dismissal (as frivolous and for failure to state a claim) of his *in forma pauperis* (IFP) claims brought pursuant to 42 U.S.C. § 1983 against Dr. Tim Revell, Medical Department Administrator Patrice Maxey, and Dr. David R. Basse. He claimed defendants were deliberately indifferent to his serious medical needs and denied him medical treatment on the basis of his race.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bocanegra first complains the district court erred in failing, prior to dismissal, to conduct a **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985), hearing or to use a questionnaire. We review the denial of a **Spears** hearing for abuse of discretion, considering whether the complaint's allegations would pass muster with additional factual development. *E.g.*, **Eason v. Thaler**, 14 F.3d 8, 10 (5th Cir. 1994). Bocanegra has not shown the district court abused its discretion; he does not describe additional facts to salvage his otherwise deficient complaint that would have been revealed either through a **Spears** hearing or by a questionnaire. *See* **id.**

Dismissal of an IFP complaint as frivolous under § 1915(e)(2)(B)(I) is reviewed for abuse of discretion, *e.g.,* **Siglar v. Hightower**, 112 F.3d 191, 193 (5th Cir. 1997); dismissal for failure to state a claim under § 1915(e)(2)(b)(ii), *de novo*. **Harris v. Hegmann**, 198 F.3d 153, 156 (5th Cir. 1999). Review of the record and Bocanegra's brief on appeal reveals the district court did not abuse its discretion in dismissing Bocanegra's complaint as frivolous or err in dismissing it for failure to state a claim. *See* **id.**; **Eason**, 14 F.3d at 10. Bocanegra's allegations of denial of medical treatment or proper testing amount to a disagreement with the course of his treatment, which is insufficient to support relief for a claim brought pursuant to 42 U.S.C. § 1983. *See* **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir.

2

1991).  At most, Bocanegra's allegations that he should have been administered a particular test or treatment amount to assertions of medical malpractice or negligence, rather than an Eighth Amendment denial of medical care.  *See **id.***

Bocanegra fails to allege any act evidencing discriminatory intent on the part of the named defendants to support his assertion that he was denied medical treatment on the basis of his race.  *See* **McCleskey v. Kemp**, 481 U.S. 279, 292 (1987).  Bocanegra's allegation that two white inmates received tests/treatment that Bocanegra believed he should have received is also insufficient to support a claim of racial animus because Bocanegra failed to allege any facts showing the two white inmates were, in all other respects, similarly situated to him.  **Muhammad v. Lynaugh**, 966 F.2d 901, 903 (5th Cir. 1992).

Bocanegra's appeal is without arguable merit and is frivolous. *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is **DISMISSED**.  *See* 5TH CIR. R. 42.2. Bocanegra's motion for preliminary injunction is **DENIED**. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal.  *See* **Adepegba v. Hammons**, 103 F.3d 383, 385-87 (5th Cir. 1996).  We warn Bocanegra: if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any

facility, unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

**APPEAL DISMISSED; MOTION FOR PRELIMINARY INJUNCTION DENIED;**

**STRIKE WARNING ISSUED**