United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-41065
Summary Calendar

TROY RANDELL EDMON,

Plaintiff-Appellant,

versus

BRENDA CHANEY; LYNDA KITE; CAROL VEAZEY; DARREN WALLACE,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(6:02-CV-113)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Troy Randell Edmon, Texas prisoner # 857046, sued under 42 U.S.C. § 1983, claiming: prison officials denied him access to the courts; deprived him of due process at a disciplinary hearing; and retaliated against him for filing grievances against them. After conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989), the district court dismissed the complaint as frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Proceeding in forma pauperis and pro se, Edmon contests that dismissal and moves for appointment of counsel. That motion is **DENIED**.

Edmon contends that the district court erred by not allowing him to amend his complaint after the **Spears** hearing. This contention is frivolous. The **Spears** hearing is one of the principal means for allowing a litigant to amend his complaint by clarifying or fleshing out his allegations. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Edmon also contends that the district court should have given him notice of the pending dismissal. Such a contention may be liberally construed as a claim that the district court erred in dismissing his complaint as frivolous. This claim is also frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I) (Supp. 2005). Edmon urges that the district court turned the **Spears** hearing into a hearing under Federal Rule of Civil Procedure 56 when it considered matters outside the pleadings. This claim is likewise without merit because it is based on Edmon's misapprehension that the **Spears** hearing was conducted under Rule 12(b)(6).

Edmon contends that the district court should have ordered all of the defendants to be served and that the district court should have granted his motion for default judgment against those unserved defendants. Similarly, Edmon contends that the district court erred in refusing to order the unserved defendants to provide

2

discovery to Edmon prior to the *Spears* hearing.  A district court must dismiss a complaint that it determines to be frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  Service upon the defendants prior to such a dismissal is *not* required.  *See id.*  Thus, Edmon's claim that the unserved defendants should have been ordered to answer his complaint and provide discovery is frivolous.

Edmon's contention that the district court erred in refusing to subpoena Lynda Kite to testify at the *Spears* hearing is unavailing, given the district court's assumption that Edmon's allegations against Kite were true.  Equally unavailing are Edmon's claims that the district court erred in dismissing parties over which it lacked jurisdiction and in refusing to impose Rule 11 sanctions on those parties.  The parties over whom the court had no jurisdiction and who were the subject of Edmon's sanction motion were parties to a wholly different lawsuit.

Edmon's appeal is without arguable merit; accordingly, it is dismissed as frivolous.  *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The district court's and our dismissals both count as strikes for purposes of 28 U.S.C. § 1915(g).  *See* *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Edmon has already received one other strike.  *Edmon v. Dallas County Sheriffs Dep't*, 67 F. App'x 241, 241 (5th Cir. 2003) (unpublished) (stating that "[t]he dismissal of this appeal counts as a 'strike' for purposes of 28 U.S.C. § 1915(g)").  Accordingly,

because Edmon has received three strikes, he shall no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

  *APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED;*

         *28 U.S.C. § 1915(g) BAR IMPOSED*