# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

No. 10-40628
Summary Calendar

Lyle W. Cayce
Clerk

JAVIER YBARRA,

Plaintiff-Appellant

v.

SHIRLEY MEADOR, Food Service Manager IV; AMY MARSHALL, Food Service
Manager III; FRANK HELMS, Major,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-213

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Javier Ybarra, Texas prisoner # 775707, appeals from the district court's
dismissal of his civil rights complaint as frivolous and for failure to state a claim.
*See* 28 U.S.C. § 1915A.  Ybarra contends that (1) the district court erred in
dismissing his claim that the defendants violated the Eighth Amendment by
serving him meals containing peanut butter and tuna, to which he was allergic,
and specifically by serving meals consisting largely or entirely of peanut butter

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sandwiches for extended periods during prison lockdowns; (2) the district court abused its discretion in denying his motion for a temporary restraining order (TRO) and preliminary injunction; (3) the district court erred in dismissing his retaliation claims; (4) the district court erred in denying him a jury trial; (5) the magistrate judge abused her discretion in denying him leave to amend his complaint, in denying his motion for the appointment of counsel, and in not allowing him to present the testimony of various witnesses at the *Spears*[1] hearing; and (6) the district court erred in transferring his case from the Lufkin Division to the Tyler Division, Eastern District of Texas.

A court should dismiss a complaint filed by a prisoner if the complaint is frivolous or fails to state a claim upon which relief may be granted. *See* § 1915A(b)(1). We review the dismissal of a complaint under § 1915A de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous if it has no arguable basis in law or fact. *Id.* When reviewing a dismissal for failure to state a claim, all well-pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

"Prison officials have a constitutional obligation to provide reasonably adequate food" to inmates. *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (footnotes omitted). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (internal quotation marks and citation omitted). "Whether the deprivation of food falls below this threshhold depends on the amount and duration of the deprivation." *Id.*; *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To obtain relief on this claim, Ybarra must show that prison officials acted with deliberate indifference, such that the officials were aware of facts from which an inference

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

of the substantial risk of serious harm could be drawn and that the officials actually drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Ybarra testified at the *Spears* hearing, inter alia, that he was allergic to peanut butter; had suffered allergic reactions requiring medical attention after being served meals containing peanut butter; and that during prison lockdowns, he was served meals consisting solely or largely of peanut butter sandwiches or of food that had been contaminated with peanut butter oil. The district court did not address Ybarra's allegations that during prison lockdowns, he was served meals consisting solely or largely of peanut butter sandwiches. Although, as the district court determined, isolated instances of meal deprivation are not constitutionally cognizable, Ybarra's allegations concerning the meals he was served during lockdown were sufficient to state a claim. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1081, 1083 (5th Cir. 1991); *Berry*, 192 F.3d at 507; *Eason*, 14 F.3d at 10. Therefore, we vacate the dismissal of Ybarra's Eighth Amendment claim and remand the issue for further proceedings.

We lack jurisdiction to review the district court's denial of a TRO. *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). Nevertheless, because the district court's denial of a preliminary injunction may have rested on its erroneous conclusion that Ybarra failed to state an Eighth Amendment claim, the district court's implicit denial of Ybarra's motion for a preliminary injunction is vacated for the district court, on remand, to reexamine Ybarra's motion for preliminary injunctive relief.

Prison officials may not retaliate against an inmate for exercising the right of access to the courts or for using a prison's grievance system. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To establish a claim of retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225,

231 (5th Cir. 1998). Ybarra has not established that any of the numerous adverse events he alleges were directly motivated by retaliation, and he fails to produce a chronology of events from which retaliation could be plausibly inferred. *See Woods*, 60 F.3d 1166. His personal belief that he was the victim of retaliation is not sufficient to support a retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). The district court did not err in dismissing Ybarra's retaliation claims as frivolous and for failure to state a claim.

Ybarra has not demonstrated that he was entitled to a jury trial. *See Spears*, 766 F.2d at 181-82. The evidentiary hearing was in the nature of a motion for a more definite statement, not a bench trial, and did not exceed the proper scope of a *Spears* hearing. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991). Based on its determinations, the district court complied with the directives of § 1915A in dismissing Ybarra's complaint prior to conducting a trial.

We reject Ybarra's assertion that the magistrate judge abused her discretion in denying his motions to amend his complaint. In general, it is not proper for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, any such error may be ameliorated if the plaintiff has pleaded his "best case." *Id*. at 1054 & n.7. Here, the magistrate judge conducted a *Spears* hearing after Ybarra filed his motions to amend his complaint. Ybarra was given the opportunity to articulate fully the factual basis of his claims, with the possible exception of the claim that he was deprived of foods not containing peanut butter during prison lockdowns. However, Ybarra did not assert this claim in his motions to amend his complaint but apparently asserted it for the first time at the *Spears* hearing. Ybarra has not identified any claims that he was unable to raise and has not shown error regarding his request to amend the complaint prior to the *Spears* hearing. *See Bazrowx*, 136 F.3d at 1054 & n.7.

Ybarra has failed to demonstrate the extraordinary circumstances necessary to justify the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Thus, he has shown no abuse of discretion in the denial of his motion for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Ybarra has not shown that the magistrate judge abused her discretion in not requiring additional witnesses, including the defendants, to testify at the *Spears* hearing. *See Wilson*, 926 F.2d at 483. Ybarra has not demonstrated that any relevant testimony was excluded or made a substantial showing that the testimony of the defendants was needed. *See Cupit*, 835 F.2d at 86-87.

The record does not reflect that the cause of action was transferred from the Lufkin Division to the Tyler Division, as Ybarra asserts. Rather, the district court properly referred the case to the magistrate judge pursuant to 28 U.S.C. § 636(b). *See Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Moreover, the magistrate judge did not enter judgment pursuant to § 636(c), which requires consent of the parties, but only made a recommendation pursuant to § 636(b)(1)(B).

Ybarra has failed to raise any arguments challenging the district court's specific reasons for dismissing his claims against Major Frank Helms. Because Ybarra fails to challenge the district court's reasons for dismissing his claims against Helms, the issues are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

For the foregoing reasons, we AFFIRM the district court's dismissal of Ybarra's retaliation claims as frivolous and for failure to state a claim. We VACATE and REMAND the dismissal of Ybarra's Eighth Amendment claim and his motion for preliminary injunctive relief with respect to his Eighth Amendment claim for further proceedings consistent with this opinion. We express no view as to the ultimate resolution of these issues. Ybarra's motion for the appointment of counsel on appeal is DENIED.