# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-50881
Summary Calendar

KELLEY A. MCFARLAND,

Plaintiff-Appellant

v.

WARDEN DAWN F. GROUNDS; T. JOHNSTON; SCHOOK; MORENO;
UNKNOWN OTHERS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CV-115

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kelley A. McFarland, Texas prisoner # 337594, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. The district court dismissed McFarland's suit and certified that the appeal was not taken in good faith because the complaint was barred by the statute of limitations. McFarland's IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

McFarland argues that his federal complaint should relate back, pursuant to Federal Rule of Civil Procedure 15(c), to his prior state court action. He further contends that his injuries from the September 5, 2008, incident are continuing and that he should not be barred by the statute of limitations.

Rule15(c) allows an amendment to a pending complaint to relate back to the original date of the filing of the pending pleading. *See* FED. R. CIV. P. 15(c). It does not allow a subsequent complaint to relate back to a pleading filed in a different case. *See id.* McFarland's argument that he continues to suffer from injuries sustained as a result of the September 5, 2008, incident is his attempt to invoke the "continuing tort" doctrine, an exception to the statute of limitations in Texas. *See Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162 S.W.3d 281, 290 (Tex. Ct. App. 2005). However, McFarland's allegation is not one of a continuing tort, but rather of a continuing injury. *See Rogers*, 162 S.W.3d at 290. Thus, the continuing tort doctrine is not applicable to McFarland's claim. *See id.*

McFarland also argues that the district court erred in dismissing his complaint without first conducting discovery and an evidentiary hearing. As McFarland has not shown that he could assert any viable claims if given an opportunity for additional factual development, the district court did not err in dismissing the complaint without conducting an evidentiary hearing. *Cf. Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994).

McFarland has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. This court's dismissal of this appeal as frivolous and the district court's dismissal of his complaint as frivolous count as two strikes under 28 U.S.C. § 1915(g).

No. 12-50881

McFarland is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.