# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40162
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2013

Lyle W. Cayce
Clerk

JACQUES TRENT HAMILTON,

Plaintiff-Appellant

v.

SALLY'S BEAUTY SUPPLIES; HEATHER MESSER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-51

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Jacques Trent Hamilton, Texas prisoner # 1713684, moves to proceed in forma pauperis (IFP) to appeal the dismissal as frivolous and for failure to state a claim of his civil rights suit against Sally's Beauty Supplies (Sally's) and its owner, Heather Messer, seeking damages for false imprisonment, defamation of character, false accusation, harassment, and discrimination. The district court dismissed the suit pursuant to 28 U.S.C. § 1915A(b)(1)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (2), on the basis that Hamilton had not named a state actor as a defendant and had not alleged the deprivation of a federal right.  The district court certified that the appeal had not been taken in good faith and denied Hamilton permission to proceed IFP.

By moving to proceed IFP, Hamilton is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

When a district court dismisses a complaint as both frivolous and for failure to state a claim, as herein, our review is de novo.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  With respect to failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is facially plausible if the plaintiff pleads facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

"To plead a constitutional claim for relief under [42 U.S.C.] § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors."  *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).  "For a nominally private individual's conduct to meet the state action requirement, there must be such a sufficiently close relationship between the actor and the state that the actor can fairly be viewed as an agent of the state."  *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 552 (5th Cir.

No. 13-40162

1988).   The Supreme Court has set forth a two-part test for determining whether state action exists.  Under the first part of the test, a court must determine whether the alleged constitutional deprivation has resulted from "'the exercise of a right or privilege having its source in state authority.'"  *Id.* at 554 (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982)).  Under the second part of the test, the court must ascertain whether the private party may fairly be characterized as a "state actor" based on the facts specifically before the court.    *Id.* (internal quotation marks and citation omitted).  Hamilton's complaint contains no facts under which Sally's can properly be characterized as a state actor, either in its own right or by its close association with the state.  *Cf. Morris v. Dillard Dep't Stores*, 277 F.3d 743, 749 (5th Cir. 2001) (stating that a merchant will not be characterized as a state actor under § 1983 unless the conduct on the part of the guard or officer giving rise to the claimed deprivation was based solely on the merchant's suspicion without an independent investigation by the officer).  As such, Sally's is not a state actor and has no § 1983 liability.  *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (noting additionally that § 1983 will not support a claim based on a respondent superior theory of liability).  Hamilton does not argue in his brief that Messer is a state actor; consequently, any such issue with regard to this defendant is waived.  *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, in the event we hold the district court's dismissal appropriate, Hamilton asks for permission to amend his complaint to name the State of Texas as a defendant in his false arrest and false imprisonment claims.  Texas, however, is afforded Eleventh Amendment immunity from suit by an individual; therefore, any § 1983 claims against it would necessarily fail.  *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).  As such, the district court did not abuse its discretion in not affording Hamilton the

opportunity to amend his complaint, and he has shown no reason why the suit should not have been dismissed as frivolous and for failure to state a claim. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Hamilton's appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The district court's dismissal of Hamilton's § 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The dismissal of this appeal as frivolous also counts as a strike. *See id.* Hamilton is warned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). His motion to expedite his appeal is DENIED.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.