# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50072

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

CHRISTOPHER MICHAEL COBOS,

Plaintiff–Appellant,

versus

MARK DONALDSON, Ector County Sheriff,

Defendant–Appellee.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:15-CV-105

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Christopher Cobos, Texas prisoner # 2032199, moves for leave to proceed *in forma pauperis* ("IFP") to appeal the dismissal of his 42 U.S.C. § 1983 civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights complaint.  The district court denied Cobos's motion to proceed IFP, certifying that the appeal was not taken in good faith.  By moving in this court for IFP status, Cobos is challenging that certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Cobos contends that the district court impermissibly denied him the opportunity to amend his complaint after a motion to dismiss had been filed. The court, however, gave Cobos the chance to present his best case; the court identified deficiencies in Cobos's initial complaint, ordered him to file a more definite statement, then granted his motion to amend.  *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).  Cobos did not seek to amend again after the motion to dismiss had been submitted.  Moreover, Cobos complains that he was not served with one of the court's orders, which, he maintains, resulted in dismissal, but he does not explain how the case would have turned out differently had he received proper notice.

In his motion, Cobos does not address the district court's reasons for the certification decision, namely, that Cobos failed to state a claim for relief and that the defendant was entitled to qualified immunity.  *See Baugh*, 117 F.3d at 202.  Thus Cobos has abandoned his challenge to the certification decision. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because it is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.  Cobos's motions for permission to proceed IFP and for the appointment of counsel are DENIED.  The dismissal of the complaint and the appeal both count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Cobos is WARNED that if he accumulates a third strike, he will not be allowed

No. 16-50072

to proceed IFP in any civil action or appeal while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).