# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30097

RONALD GRAVES,

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2018

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

BURL CAIN, in his individual capacity; RAY VITTORIO; UNKNOWN
CAZELOT, Colonel; DEREK JONES; JAMES M. LEBLANC; DARREL
VANNOY, in his official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-292

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald Graves, Louisiana prisoner # 356003, moves for leave to proceed
in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983
complaint as frivolous and for failure to state a claim.  The district court denied
Graves's motion to proceed IFP and certified pursuant to 28 U.S.C. § 1915(a)(3)
and Federal Rule of Appellate Procedure 24(a)(3)(A) that the appeal was not
taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30097

By moving to proceed IFP, Graves is challenging the district court's certification that the instant appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

A prisoner's IFP civil rights complaint "shall" be dismissed if, inter alia, it is frivolous or fails to state a claim on which relief can be granted. § 1915(e)(2)(B)(i), (ii); 28 U.S.C. § 1915A(b)(1); *see Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). "This court reviews the dismissal of a civil rights complaint as frivolous for an abuse of discretion." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). "A dismissal of a civil rights complaint for failure to state a claim is reviewed *de novo*, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Id.*

Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies, which is primarily done by conducting a hearing under *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), or requesting a more definite statement through a questionnaire. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). The district court erred by dismissing Graves's pro se complaint without doing so. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Accordingly, we consider whether Graves's "allegations, if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim." *Eason*, 14 F.3d at 9. If, "[w]ith further factual development and specificity" his "allegations may pass . . .

muster," we will remand to give him "an opportunity . . . to offer a more detailed set of factual claims." *Id*. at 10.

We conclude that it is possible that, had Graves been given an opportunity to properly develop his claims, the allegations, viewed in the light most favorable to Graves, would have been sufficient to state a claim of deliberate indifference that was at least plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Whitley v. Hanna*, 726 F.3d 631, 640-41 (5th Cir. 2013). Regardless whether Graves can ultimately prevail on the merits of his claims, the facts alleged are not "fantastic or delusional," nor are the legal theories of liability asserted "indisputably meritless." *Eason*, 14 F.3d at 9 n.5 (internal quotation marks and citation omitted).

In light of the foregoing and the fact that Graves has demonstrated that he is financially eligible to proceed IFP, his motion for leave to proceed IFP is GRANTED, the district court's judgment dismissing his complaint as frivolous and for failure to state a claim is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.