# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2020

Lyle W. Cayce
Clerk

LEROY ANTOINE LODGE,

Plaintiff-Appellant

v.

JAMES M. LEBLANC; JAMES KEITH DEVILLE; STACEY FERGUSON; LASALLE CORRECTIONS MANAGEMENT, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1345

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Leroy Antoine Lodge, Louisiana prisoner # 00105750, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A). To the extent that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30158

Lodge seeks a certificate of appealability (COA), a COA is not required to appeal the dismissal of a § 1983 complaint.

In his complaint, Lodge alleged that he was wrongfully convicted in a prison disciplinary action that resulted in a two-week suspension of his telephone and commissary privileges and violated his right to due process under the Fourteenth Amendment. Lodge's punishment does not result in the atypical and significant hardship contemplated by *Sandin v. Conner*, 515 U.S. 472, 484 (1995), and therefore does not implicate a protected liberty interest, *see Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Because the punishment does not involve a protected liberty interest, Lodge cannot raise a plausible due process claim regarding his disciplinary proceeding. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010) (holding that this court need not consider whether the procedures that attended a punishment, which did not implicate a protected liberty interest, were constitutionally sufficient). His allegation that the handling of the disciplinary action violated state and prison regulations likewise does not give rise to a constitutional violation under § 1983, *see Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009); *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) (state law), or establish a due process violation, *see Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

For the first time, Lodge also alleges that the defendants violated his rights under the First, Sixth, and Eighth Amendments. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (declining to consider claims raised for the first time on appeal). Even though these claims were not raised in the district court, Lodge has not shown that he would be able to state a plausible claim for relief as to any of these issues. Thus, while the district court dismissed Lodge's complaint without holding a hearing pursuant to

No. 19-30158

*Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), or requesting a more definite statement through a questionnaire, even if Lodge had been given an opportunity to further develop his claims, the allegations, viewed in the light most favorable to him, would not be sufficient to state a constitutional claim that was at least plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). Accordingly, the district court's judgment is AFFIRMED.

The district court's dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Lodge has accrued at least one other strike. *See Lodge v. Tigner*, No. 18-30821, 2019 WL 2417356 (5th Cir. June 7, 2019) (affirming district court's dismissal of Lodge's IFP § 1983 complaint for failure to state a claim); *Lodge v. Tigner*, No. 1:18-CV-248, 2018 WL 3131039 (W.D. Tex. June 26, 2018) (district court judgment). Accordingly, he is WARNED that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING IMPOSED.