# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-40460

---

Raul Eliss Dominguez,

*Plaintiff—Appellant*,

*versus*

Jeffery W. Catoe; Gary Wright; Sondra Sandoval,

*Defendants—Appellees*.

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2023

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-122

---

Before Clement, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Raul Eliss Dominguez, Texas prisoner # 1741417, moves for authorization to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. By moving in this court to proceed IFP, he is challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal would not be taken in good faith because, for the reasons

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

relied upon in the order and judgment, Dominguez will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Dominguez contends that he should be allowed to proceed IFP because the district court had found him to be financially eligible for IFP status and because stimulus check funds may not be used for payment of filing fees. The district court denied IFP status not on financial grounds but based on a determination that the appeal was not taken in good faith. *See* § 1915(a)(3). Moreover, the fact that government-issued stimulus funds may be protected from garnishment or attachment does not necessarily prevent their use in the payment of court filing fees. *See Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020).

Although Dominguez seeks to challenge the magistrate judge's denial of his motion to amend his complaint, we lack jurisdiction to review the ruling because Dominguez did not seek review of the denial by the district court. *See* 28 U.S.C. § 636(b)(1), (c); *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989). Dominguez challenged the denial of his motion to amend in a Federal Rule of Civil Procedure 59(e) proceeding; however, we lack jurisdiction to review the district courts denial of that relief because he did not file a timely notice of appeal from that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017). Dominguez does not raise a nonfrivolous issue regarding the district court's failure to hold an evidentiary hearing. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Additionally, Dominguez does not raise a nonfrivolous issue regarding the denial of appointed counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

The magistrate judge ordered officials at the Texas Department of Criminal Justice and the University of Texas Medical Branch to review

No. 22-40460

Dominguez's claims and to provide a written report; the officials were authorized to interview any potential witnesses, including Dominguez. Dominguez contends that the officials failed to comply with the court order because they did not interview him. However, the magistrate judge did not mandate that such an interview must occur, and the officials provided the court with copies of Dominguez's medical records and an affidavit from a medical professional.

Dominguez does not meaningfully address the district court's conclusion that his claims against the prison warden failed to state a claim upon which relief may be granted because he failed to allege or show personal involvement in his injuries or the creation of a policy leading to the harm suffered. In addition, he does not address the court's finding that his medical records establish a lack of deliberate indifference for his serious medical needs. Accordingly, any such challenges are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 844 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. The district court's dismissal of the complaint for failure to state a claim and the dismissal as frivolous of this appeal each count as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Dominguez is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).