# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10431
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

James Arthur Meeks, III,

*Plaintiff—Appellant*,

*versus*

Alvin DeBouse; FNU LNU, *Chief Probation Officer*; John Doe
Task Force; John Does Task Force Supervisor(s),

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-619

———————————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

James Arthur Meeks, III, Texas prisoner # 543366, appeals the dismissal with prejudice of his civil rights complaint against United States Probation Officer Alvin DeBouse and others for failure to state a claim. Meeks argues that the district court erred in dismissing his complaint without

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

affording him the opportunity to amend and in denying his motion for reconsideration. We AFFIRM.

We review *de novo* the dismissal of Meeks's complaint. *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). Because Meeks is a prisoner proceeding *in forma pauperis*, the district court screened Meeks's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2). Both sections permit *sua sponte* dismissal of frivolous complaints. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Typically, before a court dismisses a *pro se* complaint, the court gives the plaintiff notice of the complaint's deficiencies and an opportunity to amend. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Dismissal may be appropriate without an opportunity to amend, however, where amendment is futile because "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Id.* at 9 n.5 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

On appeal, Meeks articulates amendments to his complaint that are responsive to some of the deficiencies identified by the district court. Still, amendment would be futile because the allegations underpinning Meeks's claims are "fantastic or delusional scenarios." For instance, his complaint alleges officers have performed "de facto" arrests by using "pursuit management tools" and "electromagnetic interference devices." No amendment would make these allegations plausible.

Accordingly, the district court did not reversibly err by failing to give Meeks an opportunity to amend. For similar reasons, the court also did not err in denying Meeks's Rule 59(e) motion for reconsideration.

AFFIRMED.