# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-30691
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2025

Lyle W. Cayce
Clerk

Vanessa Frickey,

*Plaintiff—Appellant*,

*versus*

Ryan M. Nelson; Joe Biden; Kamala Harris, Administration; Department of Justice; Federal Bureau of Investigation, Et al.

*Defendants—Appellees*.

—————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2212

—————————————————————

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Vanessa Frickey seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of her complaint. Frickey's complaint was approximately 430 pages long, named over 50 defendants, and raised claims under 18 U.S.C. § 1964 and 42 U.S.C. § 1983. She alleged a wide-ranging

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conspiracy among the various defendants, including government departments, agencies, and actors in the federal, Louisiana state, and local governments and several private parties. The district court dismissed Frickey's complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), upon finding that it was frivolous insofar as the allegations underlying her claims were fanciful, irrational, and incredible.

By moving to proceed IFP, Frickey is challenging the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In her IFP pleadings, Frickey continues to advance the irrational, incredible, and fantastical allegations that she raised in her complaint. She raises no nonfrivolous argument that the district court abused its discretion in dismissing her complaint as frivolous for lacking a basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *see also Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Howard*, 707 F.2d at 220.

Frickey, who named the district court judge presiding over the case as a defendant in her complaint, additionally challenges the district court's refusal to recuse itself. Under 28 U.S.C. § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Just as she did in her complaint, Frickey makes fantastical claims about the district court judge's alleged bias and criminality in her IFP pleadings. None of the facts she recited would arguably lead a reasonable person to doubt the judge's impartiality. *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003). Thus, Frickey fails to present a

nonfrivolous argument that the district court abused its discretion in refusing to recuse itself. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003); *Howard*, 707 F.2d at 220.

Finally, Frickey contends that the district court erred by dismissing her complaint sua sponte without providing her with notice or an opportunity to amend. However, because the allegations underlying her claims were fantastic and incredible, the district court did not reversibly err by failing to give Frickey an opportunity to amend. *See Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994).

The instant appeal is without arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Additionally, Frickey's motion to compel expedited consideration of her appeal is DENIED.